# Illinois Official Reports

## Appellate Court

---

### *People v. Gawlak*, 2017 IL App (3d) 150861

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SYLWESTER GAWLAK, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-15-0861 |
| Filed<br>Rehearing denied | November 20, 2017<br>December 15, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 07-CF-2547; the Hon. Daniel J. Rozak, Judge, presiding. |
| Judgment | Judgment vacated; cause remanded. |
| Counsel on Appeal | Michael J. Pelletier and Yasemin F. Eken, of State Appellate Defender's Office, of Elgin, for appellant.<br><br>James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, Lawrence M. Bauer, and Dawn D. Duffy, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE SCHMIDT delivered the judgment of the court, with opinion.<br>Presiding Justice Holdridge and Justice Lytton concurred in the judgment and opinion. |

**OPINION**

¶ 1 Defendant, Sylwester Gawlak, appeals the Will County circuit court's denial of his postconviction motion for deoxyribonucleic acid (DNA) testing under section 116-3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/116-3 (West 2014)). Specifically, he argues the court's denial of his motion "must be reversed and the case remanded for further proceedings" because the court (1) "denied [him] his constitutional right to retain counsel to represent him on his motion" and (2) "erred when it would not allow him to present an expert in DNA testing to testify at the hearing on the motion." We vacate the court's denial of his postconviction motion for DNA testing and remand for further proceedings.

¶ 2                                    FACTS

¶ 3 Following an April 2009 trial, a jury convicted defendant of two counts of predatory criminal sexual assault (720 ILCS 5/12-14.1(a)(1) (West 2006)) and one count of aggravated criminal sexual abuse (720 ILCS 5/12-16(c)(1)(i) (West 2006)). Thereafter, the trial court sentenced defendant to mandatory consecutive terms of six years' imprisonment for each count of predatory criminal sexual assault and three years' imprisonment for aggravated criminal sexual abuse.

¶ 4 In August 2011, defendant, *pro se*, filed a petition for postconviction relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-7 (West 2010)), followed by a supplemental petition for postconviction relief in December 2013. The trial court appointed the Office of the State Appellate Defender (OSAD) to represent defendant on his postconviction petition.

¶ 5 In March 2015, defendant filed a *pro se* "petition for relief from void order" pursuant to section 2-1401(f) of the Code of Civil Procedure (735 ILCS 5/2-1401(f) (West 2014)). Defendant later retained private counsel to represent him on this motion.

¶ 6 In May 2015, defendant filed a *pro se* "motion for post-conviction forensic DNA testing" pursuant to section 116-3 of the Code of Criminal Procedure (725 ILCS 5/116-3 (West 2014)). Specifically, he sought mitochondrial DNA and polymerase chain reaction short tandem repeat (PCR-STR) DNA forensic testing of hair and clothing collected by the State. He further requested that the hair and "rape kit" evidence be tested for DNA using the PCR-STR and mitochondrial testing method and that the clothing be tested for "touch DNA."

¶ 7 At a September 2015 hearing, different private counsel than the one representing defendant on his section 2-1401 motion appeared before the trial court and indicated his intent to file a "limited scope appearance" under Illinois Supreme Court Rule 13(c)(6) (eff. July 1, 2013) to represent defendant on his motion for DNA testing. The court denied private counsel's request to enter a limited scope appearance but informed counsel that he was "certainly welcome to [file an appearance] on the post-conviction proceeding." Following a November 2015 hearing in which defendant appeared *pro se*, the court denied defendant's motion for DNA testing.

¶ 8 This appeal followed.

¶ 9                                  ANALYSIS

¶ 10 On appeal, defendant argues that the trial court's denial of his postconviction motion for DNA testing "must be reversed and the case remanded for further proceedings" because the

court (1) "denied [him] his constitutional right to retain counsel to represent him on his motion" and (2) "erred when it would not allow him to present an expert in DNA testing to testify at the hearing on the motion."

¶ 11    Rule 13(c)(6) provides that an attorney may make a limited scope appearance on behalf of a party in a civil proceeding by filing a notice of limited scope appearance in which he "identif[ies] each aspect of the proceeding to which the limited scope appearance pertains." Ill. S. Ct. R. 13(c)(6) (eff. July 1, 2013). The State maintains that the limited-scope-appearance rule does not apply here because the issue concerns a criminal proceeding, not a civil one. According to the State, "[a] motion for forensic DNA testing is available only to convicted criminal defendants pursuant to the Code of Criminal Procedure." We note, however, the fact that the motion for DNA testing at issue here may only be brought by a convicted criminal does not necessarily make the subsequent proceedings criminal in nature. In fact, even proceedings under the Act (725 ILCS 5/122-1 to 122-7 (West 2010)), which are brought only by convicted persons, are considered civil in nature. See *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987) (noting that postconviction proceedings are "not part of the criminal proceeding itself" and are "in fact considered to be civil in nature"); *People v. Johnson*, 191 Ill. 2d 257, 270 (2000) ("A post-conviction proceeding is not part of the criminal process. Rather, it is a collateral attack on the judgment of conviction and is civil in nature."). Similarly, a postconviction motion for DNA testing brought under the Code of Criminal Procedure is not part of the criminal process and, as such, is civil in nature.

¶ 12    The State also contends that defendant has no constitutional or statutory right to counsel in regard to his DNA motion. In particular, the State asserts that defendant has (1) no constitutional right to counsel because that right "applies during a defendant's trial and first appeal of right and no further" and (2) no statutory right to counsel because section 116-3 of the Code of Criminal Procedure does not convey such a right. While defendant may not have a constitutional or statutory right to *appointed* counsel, our review of relevant authority indicates that defendant does have a constitutional due process right to retain private counsel to represent him on any matter he wishes.

¶ 13    Notably, in *Powell v. Alabama*, 287 U.S. 45, 68 (1932), the United States Supreme Court explained that "notice and hearing are preliminary steps essential to the passing of an enforceable judgment, and that they, together with a legally competent tribunal having jurisdiction of the case, constitute basic elements of the constitutional requirement of due process of law." The Court further stated that a hearing "has always included the right to the aid of counsel when desired and provided by the party asserting the right." *Id.* The Court concluded, "[i]f in any case, civil or criminal, a state or federal court were arbitrarily to refuse to hear a party by counsel, employed by and appearing for him, it reasonably may not be doubted that such a refusal would be a denial of a hearing, and, therefore, of due process in the constitutional sense." *Id.* at 69. Thereafter, citing *Powell*, the Seventh Circuit Court of Appeals found that the right to retain counsel in a civil case was protected under the due process clause and that "if the prisoner *hires* a lawyer—or a lawyer is willing to work for the prisoner for free—the judge may not refuse to accept filings from the lawyer." (Emphasis in original.) *Guajardo-Palma v. Martinson*, 622 F.3d 801, 803 (7th Cir. 2010).

¶ 14    Based on our review of the record and the relevant authority as discussed above, we conclude that the trial court's denial of private counsel's request to enter a limited scope appearance on defendant's DNA motion was arbitrary and violated defendant's due process

rights. The fact that defendant had other pending motions in which he was represented by other counsel is irrelevant. The section 2-1401 motion (in which defendant is represented by private counsel) and the petition for postconviction relief (in which defendant is represented by OSAD) are separate and distinct proceedings that have no bearing on the DNA motion at issue here. In short, the trial court should have allowed private counsel's request to enter a limited scope appearance solely on the DNA motion.

¶ 15    We recognize the State also argues any error in the dismissal of defendant's DNA motion was harmless because its dismissal is inevitable. However, based on the facts of this case, we decline to address the State's contentions regarding harmless error. Simply put, defendant had a constitutional due process right to have private counsel represent him on his DNA motion.

¶ 16    Accordingly, we vacate the trial court's denial of defendant's postconviction motion for DNA testing and remand for further proceedings on the motion during which defendant may retain private counsel if he so chooses. As such, we need not address whether the trial court erred by denying defendant's request to allow expert testimony at the hearing on the DNA motion. Finally, we express no opinion as to the merits or the lack thereof of defendant's motion for DNA testing.

¶ 17                                CONCLUSION

¶ 18    For the foregoing reasons, we vacate the judgment of the circuit court of Will County as it pertains to the denial of defendant's postconviction motion for DNA testing and remand for further proceedings.

¶ 19    Judgment vacated; cause remanded.